UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM AND ORDER
          -against-                     CR-11-061 (DRH)

VINCENT P. MCCRUDDEN,

                    Defendant.
------------------------------X
A P P E A R A N C E S :

For the Government:
     Loretta E. Lynch
     United States Attorney
     Eastern District of New York
     100 Federal Plaza
     Central Islip, New York 11722
       By:  Christopher Caffarone, A.U.S.A.

For Defendant:
     Bruce A. Barket, Esq.
     Quadrino Schwartz
     666 Old Country Road - 9th Floor
     Garden City, New York  11530

HURLEY, Senior District Judge

          Presently before the Court is the government's

application, made pursuant to 18 U.S.C. Section 3161(h)(8),

tolling the speedy trial clock until June 6, 2011 while it seeks

the production of evidence from Singapore.

                          BACKGROUND

          On January 25, 2011, the grand jury returned an

indictment charging Vincent McCrudden ("McCrudden" or

"defendant") with two counts of transmitting threatening

communications in interstate and foreign commerce in violation of

18 U.S.C. § 875(c).  The defendant was arraigned on February 3,

2011, at which time he invoked his right to be tried within the

seventy day time limit established in 18 U.S.C. § 3161(c)(1).

There are several statutory tolls to the seventy day period, one

of which is relevant for present purposes and is found in §

3161(h)(8).  That subsection reads:

> Any period of delay, not to exceed one year,
> ordered by a district court upon an
> application of a party and a finding by a
> preponderance of the evidence that an
> official request, as defined in section 3292
> of this title, has been made for evidence of
> any such offense and that it reasonably
> appears, or reasonably appeared at the time
> the request was made, that such evidence is,
> or was, in such foreign country.

18 U.S.C. § 3161(h)(8).

By letter dated February 17, 2011, the government made

the instant request indicating that it had sent "an official

request to the Singapore Attorney-General's Chambers [on January

31, 2011] pursuant to Part III of Singapore's Mutual Legal

Assistance in Criminal Matters Act (Chapter 190 A)."  (Gov't's

Feb. 17, 2011 Letter at 2.)  Specifically, the government "seeks

a certified copy of records held by the internet service provider

for internet protocol ("IP") addresses 61.8.223.130,

116.88.55.77, 202.156.066.041 and 202.156.066.250 for the period

from September 1, 2010 to December 21, 2010" for the purpose of

"help[ing] [to] establish that McCrudden was the person who sent

the threatening emails."  (D.O.J. Jan. 31, 2011, Request to

Republic of Singapore, at 2.)

The defendant, during the status conference held on

February 17, 2011, was granted until February 22, 2011 to file
his response to the government's request. Those papers were
timely filed and have been reviewed by the Court.

<u>DISCUSSION</u>

The grand jury charged defendant, inter alia, with
sending an e-mail from Singapore detailing the steps that he had
allegedly already taken to bring about the death of "John Doe, an
employee of the NFA [i.e., National Futures Association], in
Illinois," including hiring some "trained professionals" to
assist in the process. (Indictment, ¶ 8.)

Given that the government asserts that it has
information that defendant was residing in Singapore at the time
the threatening e-mail was sent, its request for IP information
is relevant. Reference to defendant's February 22, 2011 letter
in opposition does not indicate otherwise, except to the extent a
threshold argument is advanced that the evidence sought – based
on the representations made by the government during the
detention hearing about the strength of its case – would be
cumulative and thus, the argument continues, unnecessary for the
prosecution to prove its case. However, that the requested
evidence has the potential of overlapping to some degree with
information already in hand does not destroy its relevance, nor
present a barrier to its production given the formidable burden
the prosecution carries in this, as in every criminal case.

Although the Court must balance the government's need against the
defendant's statutory right to a speedy trial,[1] defendant's
second proffered ground for denying the government's application
- viz. that it is "tardy" as post-dating the offending e-mail by
over three months and the return date of the indictment by six
days (Def.'s Feb. 22, 2011 Letter at 3-4) - is provided, like
defendant's threshold  ground, absent supporting authority or
persuasive argument.  Which is to say, the government has
established to my satisfaction that there should be a reasonable
toll while the government awaits a response from Singapore.

The operative word in the last sentence is
"reasonable," giving rise to the question: why will it take until
June 6, 2011 to obtain the information sought from Singapore?
The answer to that question is not self-evident nor may it be
gleaned from the materials submitted.  And that takes us to the
alternate relief requested by the defense, to wit, should the
Court decline to deny the government's application, it should "at
the very least, give the government only 30 days at a time,
requiring it to show the Court what steps it has taken to
accomplish its goal at the end of each 30 days, and to renew its
application for more time every 30 days. . . ."  (Def.'s Feb. 22,
2011 Letter at 4.)  That alternative suggestion is adopted by the

---

[1]  No suggestion has been made that the government's request
implicates defendant's constitutional right to a speedy trial.

Court to assure that the defendant receives a prompt trial while not unfairly hamstringing the government's ability to prepare for the trial.

CONCLUSION

The government has established to my satisfaction by a preponderance of the evidence that it has made an "official request," as of that term is defined in 18 U.S.C. § 3292, for relevant information bearing on the crimes charged, which information appears to be located in Singapore.  Such being the case, the government's request for a toll of the speedy trial clock from January 31, 2011 is granted.  However, the Court declines, for the reasons just indicated, to order that toll through to the June date requested by the government.  Rather, if the government has not received the requested information by the end of this month, it will provide a written status report of its efforts towards that end together with a request for a thirty day extension.  That procedure shall be replicated every thirty days until the evidence is received, subject to the Court's assessments as to "reasonable[ness]" and, barring compelling

circumstances, in no event beyond June 6, 2011.  The first such application, if needed, will be filed on or before March 31, 2011.

The foregoing constitutes the order of the Court.

SO ORDERED.

Dated:  Central Islip, New York
        March 2, 2011


_____/S/_____
DENIS R. HURLEY, U.S.D.J.