```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,
                                      MEMORANDUM AND ORDER
          -against-                   11-CR-61(DRH)

VINCENT P. MCCRUDDEN,

          Defendant.
-------------------------------X
A P P E A R A N C E S:

For the Government:
    Loretta E. Lynch
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By:  Christopher Caffarone, A.U.S.A.

For Defendant:
    Vincent McCrudden, Pro Se
    45-45 Center Blvd. - Apt. 1013
    Long Island City, New York 11109
```

HURLEY, Senior District Judge

Pending before the Court is the January 24, 2014 application by defendant Vincent Patrick McCrudden ("defendant" or "McCrudden") for an order pursuant to 18 U.S.C. § 3583(e)(1) for early termination of his supervised release. The government's opposition to the application is set forth in its submission of February 14, 2014.

BACKGROUND

Defendant pled guilty on the eve of trial to two counts of transmitting threatening communications in interstate and foreign commerce pursuant to a plea agreement dated July 18, 2011. He was sentenced by me on April 6, 2012 to a sentence

which included 28 months of incarceration followed by two years of supervised release. Having completed the period of incarceration, his supervised release began in January of 2013.

### Bases for Application

In seeking the requested relief, defendant reports that during his period of incarceration, he "was given full credit for good behavior," was "never once . . . was written up for any infractions," and "assisted many inmates with writing letters, legal work" and other endeavors. (Def.'s Mot. at unnumbered p. 2, ¶ 5.) The Court is further advised, inter alia, that he "has complied and paid all fines[1] in a timely manner as instructed by the Court" and "has abided by the rules of his supervision since release with no incident till date." Id., unnumbered p. 2, ¶s 9 and 10.

In seeking the requested relief, defendant summarizes the gravamen of his position thusly:

> Firstly, the Defendant served 28 months of incarceration for something he is innocent of. Secondly, even if the Defendant was guilty, with no prior criminal record and being denied bail, serving 2.5 years in prison was not sufficient? Especially the mistreatment the Defendant endured? With a keyboard as a "weapon" and no proof of any intent or Mens Rea? It is time for this Court to get real.

---

[1] Defendant's sentence did not include a fine. Presumably, defendant is referring to the obligation to pay the $200 special assessment which was imposed.

> It is the Government and its employees
> that are the problem, not the Defendant. The
> Defendant wants to be LEFT ALONE! Even in
> sentencing the Defendant to 24 months
> "supervised release" was like sentencing a
> crack addict to a crack house. It makes no
> sense and is NOT in the interest of justice.
> The public should not have to pay for some
> sort of Federal babysitting program that's
> serves no purpose.

<u>Id.</u> at unnumbered pp. 5-6.

### Government's Position

The government's opposition to McCrudden's application is, as noted earlier, set forth in its February 14, 2014 letter. The first six pages of that thorough ten page submission details the conduct underlying his conviction for transmitting threats to injure or kill others in violation of 18 U.S.C. § 875(c). That information was addressed at the time of sentence and need not be further discussed although, of course, it will be considered for present purposes under § 3553(a)(1). As to the post sentencing conduct cited by the government, one item warrants particular mention. "In one of his letters [to me], McCrudden stated: 'I have done everything in my power as a citizen to seek justice. If any law enforcement shows up at my door next time, I will view it as a personal threat against my safety and will act accordingly.'" (Gov't's Feb. 14, 2014 Letter at 7.)[2] Similarly noteworthy are the concluding comments in defendant's Reply

---

[2] The referenced letter is dated August 15, 2013 (Docket No. 103 to 11-CR-61).

affirmation.

> I am peacefully pursuing every single legal avenue to hold everyone in my demise accountable. Yes, I use provocative language sometimes. Cafferone and Loretta Lynch are the moral police now? That's a laugh. How much longer than 17 years does someone just use provocative language after being provoked for so long? I have not illegally harmed another human being in my life. Is the Government just pushing the boundaries to see where the level is that I will? Let's start by terminating this supervised release and give that a try.

(Def.'s Feb. 24, 2014 Reply at unnumbered pp. 12-13.) Such amorphous statements as the two quoted above are protected by the First Amendment unlike the detailed death threats made by defendant against his victims under the two counts of conviction. But utterance of the statements runs counter to the notion that his is one of the relatively rare instances (as discussed <u>infra</u>) in which supervised release – intended to assist the reintegration of an offender into society – is granted.

<u>Applicable Law</u>

a) <u>Recusal</u>. Paragraph 15 of defendant's submission reads:

> It pains me dearly to have to write this motion to you. But as far as I can see, I have to pursue this process and when you do the inevitable, which you have been consistent; I will appeal to a higher court and include all the facts of this case so far as well as the complaints written to the Second Circuit, the Senate Judiciary Committee and Senator Leahy. In a Democracy you should have recused yourself long ago and

> you should recuse yourself from making this
> decision if you were fair and unbiased.

(Def.'s Mot. at unnumbered p. 4.)

Given the defendant's recusal comment, the question arises – as it has before – as to whether I should recuse. The applicable law is found in an Order of this Court entered on October 22, 2013 in this case and in 10-CV-5567, in which an earlier recusal request was denied. Oct. 22, 2013 Order (Doc # 99 filed in 10-CV-5567). Nothing has changed since that date to alter my earlier determination. Therefore the October 22nd Order is hereby incorporated by reference, supplemented by the observation that "a judge has as much an obligation <u>not</u> to recuse himself where there is no reason to do so as he does to recuse himself when proper." <u>Securities and Exchange Commission v. Bilzerian</u>, 729 F. Supp. 2d 19, 22 (D.D.C. 2010).

      b) <u>Early termination of Supervised Release</u>

Section 3583(e) provides in pertinent part:

> The court may, after considering the factors
> set forth in section 3553(a)(1), (a)(2)(B),
> (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),
> and (a)(7)—
>
>    (1) terminate a term of supervised release
> and discharge the defendant released at any
> time after the expiration of one year of
> supervised release, pursuant to the
> provisions of the Federal Rules of Criminal
> Procedure relating to the modification of
> probation, if it is satisfied that such
> action is warranted by the conduct of the

>     defendant released and the interest of
>     justice.

18 U.S.C. § 3583(e)(1).

As explained by the Second Circuit in <u>United States v. Lussier</u>:

> Section 3583(e) provides the district court
> with retained authority to revoke, discharge,
> or modify terms and conditions of supervised
> release following its initial imposition of a
> supervised release term in order to account
> for new or unforeseen circumstances.
> Occasionally, changed circumstances – for
> instance, exceptionally good behavior by the
> defendant . . . - will render a previously
> imposed term or condition of release either
> too harsh or inappropriately tailored to
> serve the general punishment goals of section
> 3553(a).

104 F.3d 32, 36 (2d Cir. 1997).

McCrudden's application fails to identify any changed circumstances sufficient to justify the relief sought.  Simply wanting to be "LEFT ALONE" does not suffice.  Having served the period of his incarceration and complied with the conditions of his supervised release, while commendable, are expected and fall short of being "so unusual as to merit early termination." <u>United States v. McKay</u>, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

For reasons indicated, defendant's application is denied.[3]

SO ORDERED.

Dated: July 31, 2014
      Central Islip, New York

                                                      DENIS R. HURLEY, U.S.D.J.

---

[3] The Court has received defendant's letter of July 24, 2014. Nothing in that letter lends support to the subject motion. However, the identification of the date of the motion in that submission as "January 20, 2013" is incorrect; the correct date is January 24, 2014.