

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:CCC
F. #2014R01574

*610 Federal Plaza*
*Central Islip, New York 11722*

November 19, 2014

By Hand and ECF

The Honorable Denis R. Hurley
United States Senior District Judge
United States District Court
Eastern District of New York
Central Islip, NY 11722

Re: United States v. Vincent McCrudden
Criminal Docket No. 11-061 (DRH)

Dear Judge Hurley:

The government writes in connection with the hearing in the above-referenced action, which is scheduled for Monday, November 24. Because Your Honor is the object of some of the threats that form the basis for the violation of supervised release, the government respectfully asks the Court to make a finding regarding whether it needs to recuse itself under Title 28, United States Code, Section 455(a).

Section 455(a), which governs the recusal of federal judges, provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. This section does not require an actual bias to exist. See United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000). Instead, a court should recuse itself "if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" In re Allied Signal, 891 F.2d 967, 970 (1st Cir. 1989) (Breyer, J.) quoting In re United States, 666 F.3d 690 (1st Cir. 1981); see also United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992).

Recusal motions are committed to the sound discretion of the district court. See In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). "A judge considering recusal must balance the need for 'public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the consequences of [her] presiding over their case.'" In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002), quoting Drexel, 861 F.2d at 1313. The Second Circuit has cautioned that "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged

to when it is." Drexel, 861 F.2d at 1312. "Although a plot or threat, real or feigned, may create a situation in which a judge must recuse himself, recusal is not ordinarily or routinely required." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (internal citations omitted). Indeed, "[e]ven where a threat is serious, then, a judge may appropriately decline to recuse himself, at least in some circumstances." Id. The Second Circuit explained that "[t]o determine whether a trial judge must recuse himself on learning of evidence that the defendant has plotted or threatened to kill the judge (or someone close to him), we must focus first on whether 'an objective, disinterested observer[,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" Id.

Your Honor is the object of some of the defendant's threats. For example, on December 27, 2013, after Your Honor denied the defendant's request to have the Court appoint counsel in his civil case, he wrote:

> Listen [Judge] Hurley, after seventeen years, I am hateful of you and all you represent. If I didn't have anger four years ago, I certainly have tenfold that now. . . . I could illegally assault you or my oppressors, but I have seen that even writing words could land you in jail never mind assault, so for now, I write words. . . . Be careful when [sic] you get back when you send a man to hell. In a way, it is liberating not having anything to lose.

On July 17, 2014, the defendant warned that if the relief he sought was not granted, the only other means for him to "seek justice" would be "violence," and he explained that he was "open to legal and illegal options because [he had] no job now, no money and no hope for the future so [he was] pretty open to anything."

Additionally, on August 1, 2014, after he learned that Your Honor had denied his motion for early termination of supervised release, the defendant sent an e-mail to members of media with the subject line "Judge Denis Hurley and Federal Judges" containing a veiled threat. Specifically, the defendant stated that "I refuse to tolerate a punk like Hurley operate [sic] outside of the law and outside of his employment. . . . The time will come when I will not write another word, and seek other methods of justice, which I am sure the media will once again cover." What the defendant was referring to was the media's coverage of his arrest and conviction for threatening regulators.

Moreover, on August 1, 2014, the defendant wrote to Your Honor that "[y]ou are nothing more than a thug operating not only outside the boundaries of law, but also outside of the boundaries of your employment. I am not tolerating it." Attached to that letter was a complaint that the defendant sent to the Second Circuit in which the defendant stated

> [He] sees no difference in [Judge] Hurley, than a masked gunman who breaks into your home and robs you of life, liberty and property. Instead of a gun as a weapon, [Judge] Hurley either abuses interpretation of the law, or gets his thugs at the

2

>US Marshals, who are armed, to do his dirty work. . . . The law allows for the right of self defense. As US citizens, we supposedly have and expect the rule of law. Simply, [my] rights are being violated. They are being violated not by a man doing his job, but by a thug no different than an armed robber. [Judge] Hurley slapping on a black robe every day does not make him ethical or moral. He has expectations that the US Government and US Marshals are his very own capos to use and abuse anytime he wants. This is just not going to be tolerated any longer. As I wrote in my first letter to the Second Circuit Council, I am writing this letter and complaint as a last resort. You now have a clear decision. Do the right proper thing and remove [Judge] Hurley from my cases. After 17 years, I am done writing now and have given more than ample opportunity for someone in Government to do the right and just thing. Congress has determined that no one is above the law. This is your opportunity to prove that. If you don't do the right and legal thing, well, I won't be writing anymore, that's for sure. Individual accountability is the only thing that separates due process from vigilantism.

Less than two weeks later, on August 13, 2014, the defendant sent an email to media members with the subject line "Project For Government Reform: Revolution Required" declaring, inter alia,

>The luxuries of a so called rule of law and safe haven currency are coming to a violent end soon. . . . The legacy of Federal Judge blocking and tackling in favor of big Government and big corporations will also come to a violent end. . . . So, faced with no power to negotiate, the only available option is complete and utter violence. I am waiting for that day to come to participate and go hunting. I never stole a dime from anyone, and never hurt another human being. But now, that will change. It will change because I have no options. . . . Violence is the only way.

These are some, but not all, of the threats that are the subject of the instant violation. To be clear, the government is not arguing that the Court should recuse itself.

Rather, it is simply asking the Court to make a finding explaining why recusal is not warranted.

                    Respectfully submitted,

                    LORETTA E. LYNCH
                    United States Attorney

By:      /s/
                    Christopher Caffarone
                    Assistant U.S. Attorney
                    (631) 715-7868

cc:     Vincent McCrudden
        John Carman, Esq. (by ECF)